UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| ATOTECH USA INC. | : |  |
| and | : |  |
| ATOTECH DEUTSCHLAND GMBH | : | 1:06MC 92 |
| Plaintiffs, | : |  |
| v. | : |  |
| MacDERMID INC., | : | JUDGE OLIVER |
| Defendant. | : |  |

## DR. HYMAN CHESSIN'S MOTION TO QUASH HIS DEPOSTION SUBPOENA UNDER FED. R. CIV. P. 45(c)

Dr. Hyman Chessin moves this Court to transfer this motion to quash subpoena to the District of New Jersey or, in the alternative, the Eastern District of Michigan for determination under FED. R. CIV. P. 45(c). A more detailed account of the bases for Dr. Chessin's motion to quash is provided in the MEMORANDUM IN SUPPORT OF DR. HYMAN CHESSIN'S MOTION TO QUASH HIS DEPOSITION SUBPOENA UNDER RULE 45(c), filed concurrently herewith.

Dated: October 11, 2006

Respectfully Submitted,

Jay R. Campbell (0041293)
Todd R. Tucker (0065617)
Joshua M. Ryland (0071758)
RENNER, OTTO, BOISSELLE & SKLAR LLP
19th Floor
1621 Euclid Avenue
Cleveland, OH 44115
(216) 621-1113

William J. O'Shaughnessy
Richard Hernandez
MCCARTER & ENGLISH, LLP
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
(973) 622-4444

## CERTIFICATE OF SERVICE

On October 11, 2006 I served the foregoing DR. HYMAN CHESSIN'S MOTION TO QUASH HIS DEPOSITION SUBPOENA UNDER FED. R. CIV. P. 45(c) upon the following individuals by overnight courier:

> Donald A. Robinson
> ROBINSON & LIVELLI
> Two Penn Plaza East
> Newark, New Jersey 07105
>
> James K. Robertson, Jr.
> John R. Horvack, Jr.
> Fatima Lahnin
> CARMODY & TORRANCE, LLP
> 50 Leavenworth Street
> Waterbury, CT 06721

*An Attorney for Atotech USA Inc. and
Atotech Deutschland GMBH*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

|                                      |     |
| ------------------------------------ | --- |
| **ATOTECH USA INC.**                 | :   |
|                                      | :   |
| **and**                              | :   |
|                                      | :   |
| **ATOTECH DEUTSCHLAND GMBH**         | :   |
|                                      | :   |
| **Plaintiffs,**                      | :   |
|                                      | :   |
| **v.**                               | :   |
|                                      | :   |
| **MacDERMID INC.,**                  | :   |
|                                      | :   |
| **Defendant.**                       | :   |
|                                      | :   |

## MEMORANDUM IN SUPPORT OF DR. HYMAN CHESSIN'S MOTION TO QUASH HIS DEPOSITION SUBPOENA UNDER FED. R. CIV. P. 45(c)

## I.     INTRODUCTION

MacDermid's subpoena of Dr. Hyman Chessin should be quashed.

Despite his obvious intelligence, Dr. Chessin is eighty-six years old, suffering from Alzheimer's disease, and has been retired from Atotech for twenty years—before the invention of the patents in suit. His deposition will obviously be a burden upon him and should be quashed unless MacDermid can establish that the relevance of his potential testimony outweighs the significant burden to Dr. Chessin. To date, MacDermid has been unable to establish any

relevance that Dr. Chessin's testimony may have, aside from vague assertions that his testimony relates to MacDermid's inequitable conduct defense.

How Dr. Chessin's testimony could possibly bear on the enforceability of the patents in suit is unclear. He is a co-inventor of an *unrelated, expired patent that is not part of this case*—but that deals with an earlier chromium plating technology. Indeed, that patent, while advancing the state of chromium plating at the time, caused the very problem that the patents in suit overcame. Given Dr. Chessin's age and health, MacDermid should be required to establish with particularity the need for Dr. Chessin's testimony and how it could help to establish MacDermid's inequitable conduct defense.

While MacDermid's subpoena is facially flawed—it issued from the wrong judicial district—resolving this dispute on that basis alone will only trigger a second subpoena and another round of briefing. Thus, rather than quash the subpoena on its technical shortcomings, Atotech simply asks the Court to transfer this motion to the District of New Jersey, the Court hearing this matter, or the Eastern District of Michigan, the Court with proper subpoena power over Dr. Chessin.

## II. BACKGROUND

### A. Dr. Chessin has no connection to the patents in suit.

Atotech pioneered "high-efficiency, etch-free" hard chrome electroplating, or "HEEF." Generally speaking, hard chrome electroplating is the process of depositing chromium onto bare metal in a chemical bath. An initial version of HEEF, developed by Dr. Chessin and Dr. Ken Newby in 1984, used a methane sulfonic acid ("MSA") catalyst to increase plating efficiency while simultaneously eliminating damage to the metal being plated. That invention was awarded U.S. Patent No. 4,588,481 (the "'481 patent") in 1986. That same year Dr. Chessin *retired* from

2

M&T Chemicals, one of the predecessors to Atotech USA, Inc.  (Exhibit A, Declaration of Dr. Hyman Chessin ("Chessin Dec."), ¶ 4.)

While MSA HEEF was widely used in the plating industry after Dr. Chessin's retirement, customers reported that MSA HEEF significantly accelerated the corrosion of the lead or lead alloy anodes widely used in chromium plating—at a significant cost to electroplaters.  To combat this problem, Dr. Newby invented a unique method of *replacing the MSA catalyst with a methane disulfonic acid ("MDSA") catalyst* that virtually eliminated anode corrosion.  Based on an *entirely separate application* from that underlying the '481 patent, Dr. Newby was awarded U.S. Patent Nos. 5,176,813 and 5,453,175 (collectively "the Anode Patents") in 1993 and 1996, respectively.

In 2005, MacDermid began selling a HEEF clone using the same MDSA catalyst that Dr. Newby pioneered and protected under the Anode Patents.  Accordingly, Atotech filed this action to stop MacDermid's willful infringement of those patents.  Notably, the '481 patent, co-invented by Dr. Chessin, is not part of this lawsuit and expired in March of 2005.

### B.    MacDermid's subpoena is facially flawed and ignores Dr. Chessin's failing health.

MacDermid's subpoena requires Dr. Chessin to appear for deposition in Cleveland, Ohio.  Dr. Chessin, however, lives in Waterford Township, Michigan, an outlying suburb of Detroit roughly 200 miles from Cleveland.  (Chessin Dec., ¶ 2.)  While Atotech's counsel agreed to accept service on Dr. Chessin's behalf, Dr. Chessin did not agree to appear in Cleveland.  Making matters worse. Dr. Chessin is eighty-six years old and is taking medication for Alzheimer's disease.  (Chessin Dec., ¶ 7.)

3

If MacDermid can overcome the significant hurdle of establishing the relevance of Dr. Chessin's testimony, and of the prosecution of the '481 patent for that matter, the deposition should go forward in Michigan at a place convenient to Dr. Chessin.

## III.    DISCUSSION

### A.    MacDermid's subpoena should be quashed as unduly burdensome under Fed. R. Civ. P. 45(c)(3)(A).

The Court should not indulge MacDermid's bid to force Dr. Chessin to testify. Rule 45 states that the Court "*shall quash or modify* the subpoena if it . . . (iv) subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv). Indeed, the Court is free to limit overreaching discovery requests if it "determines that (1) the discovery sought is unreasonably cumulative or duplicative, or more readily obtainable from another source; (2) the party seeking discovery already has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2nd Cir. 2003); *see also Spartanburg Regional, Healthcare System v. Hillenbrand Industries, Inc.*, 2005 WL 2211163 at *2 (N.D.Ohio Sep 09, 2005) ("While Rule 45 directly does not address relevancy objections, such obligations must be considered in light of Rules 26 and 34."); FED. R. CIV. P. 26(b)(2).

This is precisely the type of deposition request requiring the Court's intervention. Dr. Chessin is eighty-six years old and suffering from Alzheimer's disease. (Chessin Dec., ¶ 7.) Although Dr. Chessin is very smart to this day, his affliction unfortunately calls into question any testimony he gives. Moreover, Dr. Chessin readily admits that aside from his disease, he simply cannot recall the particulars surrounding the prosecution of the '481 patent because it occurred twenty years ago as he was retiring from Atotech. (Chessin Dec., ¶ 5.) Indeed, Dr.

Chessin only vaguely recalls the technology of the '481 patent at all. *Id.* Moreover, Dr. Chessin is only a co-inventor of the '481 patent. MacDermid has already deposed the other inventor, Dr. Newby.

### 1.   Dr. Chessin's testimony is irrelevant to this lawsuit.

MacDermid has yet to provide even a colorable argument for why Dr. Chessin's testimony or the '481 patent he co-invented is relevant in this action. The '481 patent was filed in March of 1985—more than four years before the 1989 application that yielded the Anode Patents. Dr. Chessin had no connection to the research and development of Dr. Newby's Anode Patents—chiefly, because he retired several years prior to Dr. Newby's work. (Chessin Dec., ¶¶ 4, 6.)

MacDermid, however, now insists that Dr. Chessin conduct in prosecuting the '481 patent is somehow relevant to the prosecution of the Anode Patents. Even assuming, contrary to all discovery to date, that Dr. Chessin engaged in misconduct during the prosecution of the '481 patent, MacDermid has yet to articulate how that impacts the Anode Patents—let alone renders them unenforceable. *See Pharmacia Corp. v. Par Pharmaceutical, Inc.*, 417 F.3d 1369, 1375 (Fed.Cir. 2005) ("Thus, this court's inequitable conduct cases do not extend inequitable conduct in one patent to another patent that was not acquired through culpable conduct.") Indeed, the Anode Patents not only issued from a different application from the '481 patent, but they resolved a problem that Dr. Chessin was not even aware of when he left Atotech's predecessor— the corrosion of lead or lead alloy anodes by the MSA version of HEEF. Therefore, absent MacDermid's effort to solicit irrelevant testimony questioning the integrity of Atotech or Dr. Chessin, Dr. Chessin—and Atotech—is left wondering why Dr. Chessin's testimony is necessary.

5

**2.  MacDermid has already had an opportunity to obtain any information that Dr. Chessin has from his co-inventor, Dr. Newby.**

Even assuming the '481 patent has some relevance to this lawsuit, MacDermid can obtain the information its needs about that patent from another, less burdensome source—the patent's co-inventor, Dr. Newby.  Dr. Newby is still employed by Atotech—indeed, MacDermid already deposed Dr. Newby at length on August 17, 2006.  MacDermid's apparent dissatisfaction with Dr. Newby's answers, however, does not create a separate basis to depose Dr. Chessin.  Given both the marginal relevance of the '481 patent to this lawsuit and Dr. Chessin's condition, MacDermid's subpoena should be quashed.

**B.  The Court should transfer this matter to the District of New Jersey or, at a minimum, to the Eastern District of Michigan.**

Without question, MacDermid's subpoena could be quashed on a technical defect alone. Rule 45 instructs that courts shall quash a subpoena that "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person . . .."  FED. R. CIV. P. 45(c)(3)(A)(ii).  Because Dr. Chessin is not a party, and because he resides in Waterford Township, Michigan—200 miles from Cleveland—the Court could properly quash MacDermid's subpoena.  (Chessin Dec., ¶ 2.)

In an effort to avoid wasting the resources of at least two courts waiting for MacDermid to correct its subpoena, Dr. Chessin respectfully requests that the Court simply transfer this motion to the court with the most knowledge of the matters underlying the potential need for his testimony, the U.S. District Court for the District of New Jersey.  Alternatively, consideration of the motion could be transferred to the district of Dr. Chessin's residence, the Eastern District of Michigan.

IV.    CONCLUSION

The burden on Dr. Chessin to provide testimony is significant.  Consideration of whether MacDermid can overcome the burden to Dr. Chessin by clearly establishing the potential relevance of his testimony should be transferred to the District of New Jersey, the court with the most knowledge of this case. or the Eastern District of Michigan, Dr. Chessin's home district.

Dated: October 11, 2006                       Respectfully Submitted,

                                              _____

                                              Jay R. Campbell (0041293)
                                              Todd R. Tucker (0065617)
                                              Joshua M. Ryland (0071758)
                                              RENNER, OTTO, BOISSELLE & SKLAR LLP
                                              19th Floor
                                              1621 Euclid Avenue
                                              Cleveland, OH 44115
                                              (216) 621-1113

                                              William J. O'Shaughnessy
                                              Richard Hernandez
                                              MCCARTER & ENGLISH, LLP
                                              100 Mulberry Street
                                              P.O. Box 652
                                              Newark, NJ 07101-0652
                                              (973) 622-4444

## CERTIFICATE OF SERVICE

On October 11, 2006 I served the foregoing MEMORANDUM IN SUPPORT OF DR. HYMAN CHESSIN'S MOTION TO QUASH HIS DEPOSITION SUBPOENA UNDER FED. R. CIV. P. 45(c) upon the following individuals by overnight courier:

> Donald A. Robinson
> ROBINSON & LIVELLI
> Two Penn Plaza East
> Newark, New Jersey 07105
>
> James K. Robertson, Jr.
> John R. Horvack, Jr.
> Fatima Lahnin
> CARMODY & TORRANCE, LLP
> 50 Leavenworth Street
> Waterbury, CT 06721

_An Attorney for Atotech USA Inc. and Atotech Deutschland GMBH_

8